597 So.2d 1056 (1992)
STATE of Louisiana In the Interest of J.W.
No. 23,945-JA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
*1057 Raymond Lee Cannon, Tallulah, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James David Caldwell, Dist. Atty., Vicki V. Baker, Asst. Dist. Atty., Tallulah, for appellee.
Before SEXTON, NORRIS and VICTORY, JJ.
SEXTON, Judge.
J.W.[*] appeals his adjudication as a juvenile delinquent based on the illegal carrying of a weapon, in violation of LSA-R.S. 14:95, resisting an officer, LSA-R.S. 14:108, and possession of cocaine with the intent to distribute, in violation of LSA-R.S. 40:967. Following his adjudication as a delinquent, J.W. was ordered placed in the custody of the Department of Corrections until his 21st birthday.
On appeal, J.W.'s sole assignment of error claims only that there was insufficient evidence to support the conviction for possession of cocaine with intent to distribute. We find merit to J.W.'s assignment of error, but find sufficient evidence to support a conviction for attempted possession of cocaine with the intent to distribute. Accordingly, *1058 we reverse J.W.'s adjudication as a juvenile delinquent to the extent that it reflects a conviction for possession of cocaine with the intent to distribute and remand for an adjudication and appropriate disposition based on convictions on attempted possession of cocaine with intent to distribute, illegal carrying of a weapon, and resisting an officer.
On the night of January 17, 1991, Madison Parish Sheriff's Deputy Sammie Byrd received information from a reliable confidential informant that then 16 year old J.W. was at a public telephone outside a bar in Tallulah, Louisiana, and was in possession of a firearm and "drugs." Responding immediately, sheriff deputies found J.W. at the designated location. Upon seeing the deputy sheriff, J.W. dropped the telephone and began to run, pursued by Deputy Byrd. During a short chase, Deputy Byrd noticed that J.W. was emptying his pockets while running. Following the arrest of J.W., the law enforcement officials retraced the chase route and recovered a .38 caliber revolver and a matchbox containing 11 small, white rocks of suspected cocaine. Ten of these rocks were wrapped in clear cellophane which had been twisted and burned at one end. Deputy Byrd testified that this is a common way of packaging cocaine for sale.
On appeal, J.W. claims there was insufficient evidence to support his conviction for possession of cocaine with intent to distribute. Specifically, J.W. argues there was insufficient evidence that the substance seized was in fact cocaine.
In a delinquency proceeding, the state's burden of proof is the same as in a criminal proceeding against an adult, to prove beyond a reasonable doubt every element of the offense alleged in the petition. LSA-C.J.P. Art. 73 (see now LSA-Ch.C. Art. 883); State in Interest of P.S., 459 So.2d 165 (La.App.2d Cir.1984); State in Interest of Cason, 438 So.2d 1130 (La. App.2d Cir.1983).
On appeal, the standard of review for the sufficiency of the evidence enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt, is applicable to juvenile delinquency cases. State v. Litty, 521 So.2d 849 (La.App.2d Cir.1988); State in Interest of Rowland, 509 So.2d 779 (La. App.2d Cir.1987), writ denied, 513 So.2d 290 (La.1987).
Further, in a juvenile delinquency proceeding, an appellate court is constitutionally mandated to review the law and the facts. LSA-Const. Art. 5, § 10(B). Accordingly, under the civil standard of appellate review, Rosell v. ESCO, 549 So.2d 840 (La.1989), an appellate court must review the record to determine whether the trial court was clearly wrong or manifestly erroneous in its factual findings. State v. Litty, supra; State in Interest of Rowland, supra.
To support J.W.'s conviction, the state was required to prove he was in possession of cocaine with the specific intent to distribute it. LSA-R.S. 40:967; State v. Elzie, 343 So.2d 712 (La.1977); State v. Tyler, 544 So.2d 495 (La.App.2d Cir.1989). The identity of the drug is an essential element of the charged offense. State v. James, 517 So.2d 291 (La.App. 1st Cir. 1987); State v. Guillory, 447 So.2d 1214 (La.App. 5th Cir.1984). Accordingly, the state was required to prove that the substance recovered was in fact cocaine.
In the instant case, the state failed to produce a laboratory report or the results of any other chemical test which would have proven the exact nature of the suspected cocaine. Nor were the 11 rocks entered into evidence. Although Deputy Byrd presumed the rocks were cocaine based on his 14 years experience as a deputy sheriff, he acknowledged that it was only "suspected cocaine."
The only further evidence regarding the purported cocaine came from written and oral statements made by J.W. following his arrest. The essence of J.W.'s statements was that he had been given the rocks by an *1059 unidentified man with the understanding that J.W. would sell them and split the money with the man. Apparently, in J.W.'s statements, he alternatively referred to the 11 rocks as "things" (written statement), "drugs" (statement made by J.W. to Deputy Byrd), and "cocaine" (statement made by J.W. to his grandmother in the presence of Deputy Byrd). Clearly, J.W. thought the substance was cocaine. Nevertheless, the reasonable possibility remains that J.W. was mistaken, that the unidentified man had given J.W. a different controlled dangerous substance or a counterfeit substance to sell.
The evidence presented at the adjudication hearing failed to prove beyond a reasonable doubt that the substance at issue was actually cocaine. Accordingly, the trial court's finding otherwise is clearly wrong. The conviction for possession of cocaine with the intent to distribute must be reversed.
However, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively authorized responsive verdict. LSA-C.Cr.P. Art. 821 E; State v. Byrd, 385 So.2d 248 (La.1980). This rule is applicable to juvenile delinquency proceedings. State in Interest of Pigott, 413 So.2d 659 (La.App. 1st Cir.1982). Attempted possession of cocaine with the intent to distribute is a legislatively authorized responsive verdict to a charge of possession of cocaine with intent to distribute. LSA-C.Cr.P. Art. 814 A(49).
To support a conviction for attempted possession of a controlled dangerous substance with intent to distribute, the state was required to prove that J.W. took actions for the purpose of and tending directly toward the possession of cocaine with the intent to distribute it. The actions must have been taken by J.W. with the specific intent to commit the offense of possession with intent to distribute. LSA-R.S. 14:27, 40:967, 40:979; State v. Jenkins, 573 So.2d 218 (La.App. 5th Cir.1990).
Clearly, J.W.'s intent to distribute the substance involved was sufficiently proven. Deputy Byrd testified that the suspected cocaine was packaged in a common manner of packaging cocaine for sale. Further, J.W.'s statements following his arrest were evidence that he intended to distribute the substance.
The ultimate issue is whether an attempt conviction can stand without proof that a controlled dangerous substance was actually involved. As we have previously noted, there was insufficient proof that the substance recovered was actually cocaine. Nevertheless, the evidence clearly shows that J.W. subjectively believed that the substance in his possession was cocaine. The substance was packaged like cocaine and J.W.'s statement to his grandmother in the presence of Deputy Byrd that he had possessed cocaine and intended to sell it and had sold cocaine on another occasion, viewed in a light most favorable to the state, proved beyond a reasonable doubt that J.W. specifically intended to possess cocaine with the intent to distribute it. Further, his flight from law enforcement officials and his attempt to dispose of the 11 rocks are additional evidence that J.W. believed the substance was the controlled dangerous substance he thought he held, cocaine.
We conclude that, regardless of whether the substance was cocaine or not, the evidence was sufficient to show J.W. had specific intent to commit the offense of possession of cocaine with the intent to distribute and he took actions tending directly toward the accomplishment of that objective. Accordingly, the state proved the essential elements of the offense of attempted possession of cocaine with intent to distribute.
Although we have found no Louisiana cases which have considered this issue, our holding is in agreement with federal decisions interpreting the analogous federal drug statutes, 21 U.S.C. § 841(a), § 846. See United States v. Pennell, 737 F.2d 521 (6th Cir.1984), cert. denied, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); United States v. Everett, 700 F.2d 900 (3d Cir. 1983). In both cases the defendant had argued that, as there were no controlled dangerous substances involved, it was legally impossible to violate the drug statutes. The impossibility defenses were rejected by the federal appellate courts which *1060 held that a defendant's subjective intent to sell or possess a controlled dangerous substance would support an attempt conviction. The language employed in the Louisiana drug statutes is similar to that employed in the federal statutes and it has been noted that the Louisiana controlled dangerous substances legislation, LSA-R.S. 40:961, et seq., was enacted in part because of a "desire to enact a uniform law which would be similar to the federal legislation." Comment, The Uniform Controlled Dangerous Substances Act: An Expositive Review, 32 La.L.Rev. 56, 62 (1971).
In conclusion, we find insufficient evidence to support J.W.'s conviction for possession of cocaine with intent to distribute. However, we find sufficient evidence to support a conviction for the lesser and included offense of attempted possession of cocaine with intent to distribute, a legislatively authorized responsive verdict. Accordingly, we reverse J.W.'s adjudication as a juvenile delinquent to the extent that it reflects the conviction for possession of cocaine with intent to distribute. We remand to the trial court for an adjudication and appropriate disposition based on convictions of attempted possession of cocaine with intent to distribute, illegal carrying of a weapon, and resisting an officer.
REVERSED AND REMANDED.
NOTES
[*] Pursuant to the requirements of confidentiality of juvenile proceedings as set forth in LSA-C.J.P. Art. 122 and LSA-R.S. 13:1586 (see now LSA-Ch.C. Art. 412), the defendant herein is referred to by initials only.