^MURRAY, Judge.
Defendant, Michael L. Harris, appeals his conviction of attempted possession with intent to distribute cocaine. Finding the trial court erred as a matter of law in finding the evidence sufficient to support the conviction, we reverse.
FACTS AND PROCEEDINGS BELOW
New Orleans Police Detective Terry Wilson received information of narcotics activity in the 1200 block of South Dorge-nois Street. Using a confidential informant, the detective conducted a controlled purchase of a piece of crack cocaine from a man named Roney, who was later identified to be Mr. Harris. On that basis, the detective obtained a search warrant for 1240 South Dorgenois Street.
Before executing the warrant, the detective conducted additional surveillance and observed Mr. Harris and James Cooper engage in two apparent drug transactions at the same location. On both occasions, an unknown subject approached Mr. Harris, who accepted money from the subject. Mr. Harris then nodded to Mr. Cooper, who retrieved a brown paper bag from nearby shrubbery, ^removed an object from the bag, and brought the object to Mr. Harris. Mr. Harris then examined the object and handed it to the apparent purchaser.
Based on those observations, Detective Wilson executed the search warrant. When the police arrived, they arrested Mr. Harris without incident. The police then searched 1240 South Dorgenois, but recovered only an AK 47. Detective Michael Harrison retrieved the brown paper bag from the shrubbery, which Detective Wilson stated contained three ounces of cocaine.
On August 24, 1999, Mr. Harris and co-defendant, Mr. Cooper, were charged by bill of information with possession of between twenty-eight to two hundred grams of cocaine. La. R.S. 40:967(F)(1). Mr. Harris pled not guilty. On November 4, 1999, the trial court denied Mr. Harris’ motion to suppress the evidence and found probable cause to arrest.[1] On February 7, 2001, the day before trial, the State amended the bill of information to charge Mr. Harris with possession with intent to distribute cocaine.
At trial, Mr. Harris testified on his own behalf that when the police arrived he was outside talking with Antoinette Dewey, Corinthia Francois, and Janie Sutton. He denied engaging in hand-to-hand drug transactions on that day, denied distributing drugs, and denied knowing Mr. Cooper. Explaining why he was carrying five hundred dollars cash, Mr. Harris testified that his uncle had just paid him three *1207 hundred dollars for the work he had done for him and that he had an additional two hundred dollars of his own money.
14The defense called several witnesses who lived in the area, including the trio of women with whom Mr. Harris was conversing when the police arrived. The trio consistently testified that they had been outside talking with Mr. Harris for about forty-five minutes and that they did not see him talking to anyone else during that time. The trio also indicated that they saw the police carry a rifle and a shoebox out of the apartment that was searched.
Kewal Short, who resided in the apartment that was searched (1240 South Dor-genois), testified that she returned home that day to find her home ransacked. She denied knowing Mr. Harris and stated that an officer told her that they had the wrong house and apologized to her. Ms. Short’s neighbor, Velma Witey, also testified. Ms. Witey stated that she was home when the police searched the apartment and that she told the police she had never seen anyone selling drugs in her hallway. Ms. Witey further stated that she knew Mr. Harris and that she never saw him selling drugs.
At trial, the State offered no scientific evidence to establish that the contents of the brown paper bag were in fact cocaine. Instead, the State called Lieutenant Reginald Jacques, who was qualified as an expert in retail packaging and distribution of controlled dangerous substances. Given the large amount of crack cocaine (over a thousand dollars worth) and the denominations of money Mr. Harris had in his possession (a total of $536, broken down into denominations that included “seventeen twenty dollar bills; one one hundred dollar bill; five fives; and eleven ones”), Lieutenant Jacques testified “[t]hat’s normally somebody in the 1 ¡¡business of selling; he’s not an abuser.” Lieutenant Jacques also described the contents of the brown paper bag as a few small pieces of cocaine, but mostly larger pieces, which on the street are called “slabs.”
After retiring, the jury returned with a question concerning the responsive verdicts of attempted possession with intent to distribute and attempted possession of cocaine. The trial court repeated its instructions regarding the general law of attempt and the application of that law to the substantive charge of possession with intent to distribute and the lesser included offense of simple possession of cocaine. After deliberating further, the jury returned a verdict of attempted possession with intent to distribute cocaine. At that time, defense counsel orally moved for post verdict judgment of acquittal; the court took the matter under advisement. On March 9, 2001, Mr. Harris filed a written motion for post verdict judgment of acquittal.
On March 23, 2001, the trial court denied the defense motion for acquittal; the court, citing State in Interest of J.W., 597 So.2d 1056, 1059 (La.App. 2d Cir.1992), reasoned as follows:
The circumstances as demonstrated at trial and reflected in the trial transcript submitted by the defense support the conviction. The police observed two acts of distribution of the substance in a manner consistent with cocaine distribution. The substance was hidden in nearby bushes and placed in the defendant’s hand before delivery to the customer. Expert testimony discussed the large quantity of the substance, the large size of the rocks, the packaging of the substance, the large amount of money in denominations consistent with cocaine distribution found on the defendant’s person as consistent with cocaine distribution. Finally, the substance was recognizable by the officers as cocaine.... The substance alleged to be cocaine was also introduced into evidence. The evi-
*1208 dence considered in its |fientirety sufficiently supports a subjective intent on the part of the defendant to possess a controlled dangerous substance, to wit, cocaine, and that he took actions tending directly toward the accomplishment of that objective.
On June 8, 2001, new defense counsel enrolled and filed a motion for new trial. Citing its prior ruling on the acquittal motion, the trial court denied the motion. The trial court sentenced defendant to five years imprisonment at hard labor. Thereafter, the State filed a multiple bill under the habitual offender law alleging that defendant was a second felony offender. On July 26, 2001, following a hearing on defendant’s multiple offender status, the trial court found defendant to be a second felony offender, vacated the prior sentence, and sentenced him to seven and one-half years imprisonment at hard labor. The trial court also granted defendant’s motion for appeal.
DISCUSSION
On appeal, Mr. Harris’ primary assignment of error is that the evidence was insufficient to sustain a conviction for attempted possession with the intent to distribute cocaine. Specifically, he argues that an essential element of the State’s case was to prove that the substance recovered from him was in fact cocaine, yet the State failed to prove that the contents of the brown paper bag was actually cocaine. Indeed, he emphasizes that the trial court expressly noted in its written reasons for denying the motion for acquittal that the State failed to introduce any evidence demonstrating that the substance in the brown paper bag introduced at trial was actually cocaine. Specifically, the trial court stated that “[t]he substance alleged to be cocaine was also introduced into evidence.”
The State counters that it was not required to establish the substance in question was cocaine. In support, the State relies on State v. Hollis, 96-738 (La.App. 5 Cir.1/28/97), 688 So.2d 108, in which a similar argument of insufficiency of the evidence was rejected. In rejecting the defendant’s insufficiency of the evidence argument based on the lack of proof of either the existence of an illegal substance or the specific quantity charged, the court in Hollis, supra, like the trial court in this case, adopted the reasoning set forth in Interest of J.W., supra.
In evaluating a claim of insufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational fact finder could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). All evidence, direct and circumstantial, is subject to the Jackson reasonable doubt standard. State v. Matthews, 95 1245, p. 19 (La.App. 4 Cir. 8/21/96), 679 So.2d 977, 988. “[W]hen circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.” Id. (citing State v. Shapiro, 431 So.2d 372 (La.1982)). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438.
Mr. Harris was convicted of attempted possession with the intent to distribute cocaine. Attempt is defined by La. R.S. 14:27(A) as follows:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the of *1209 fense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
To establish the crime of attempt to distribute cocaine, the State was required to prove that defendant “took actions for the purpose of and tending 1 Rdirectly toward the possession of cocaine with the intent to distribute it.” Interest of J.W., 597 So.2d at 1059. “The actions must have been taken by [defendant] with the specific intent to commit the offense of possession with intent to distribute.” Id. However, “specific intent is a state of mind, and need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant.” State v. Graham, 420 So.2d 1126, 1128 (La.1982)(collecting cases).
In denying Mr. Harris’ post-verdict motion for acquittal, the trial court, as noted, relied upon Interest of J.W., supra. In that case, the court of appeal agreed with the defendant-juvenile that the evidence was insufficient to support his conviction of possession with intent to distribute in that the State failed to prove the substance at issue was actually cocaine, yet the court found the evidence was sufficient to support a conviction for the lesser-included offense of attempted possession of a controlled dangerous substance with intent to distribute. In so finding, the court listed three other facts on which it relied to find the defendant-juvenile subjectively believed the substance was cocaine; to wit: (1) the juvenile’s statement to his grandmother in the deputy’s presence that he had possessed cocaine and that he intended to sell it and that he had sold it on another occasion; (2) the juvenile’s flight from law enforcement officials; and (3) the juvenile’s attempt to dispose of the rocks of cocaine. Based on those other facts, the court concluded that “regardless of whether the substance was cocaine or not, the evidence was sufficient to show J.W. had specific intent to commit the offense of | apossession of cocaine with intent to distribute and he took actions tending directly toward the accomplishment of that objective.” 597 So.2d at 1059.
Mr. Harris argues that this case is distinguishable from Interest of J.W., supra. We agree. None of the three facts relied upon in Interest of J.W. are present in this case. Mr. Harris did not make any statements to the police, nor did he resist arrest or attempt to dispose of the evidence. Indeed, Mr. Harris argues that he never went near the shrubbery where the brown paper bag was located.
Likewise, Hollis, supra, relied upon by the State, is factually distinguishable. In Hollis, the defendant was arrested based on a “reverse buy” — the defendant attempted to buy a large quantity of narcotics from an undercover officer. Asserting the defense of impossibility based on the police using fake drugs in the reverse buy transaction, the defendant argued that since attempt is a lesser-included offense of possession, the State was required to prove, yet could not prove, possession. Rejecting that argument, the court in Harris reasoned that “since defendant is charged with attempt to possess, the argument is irrelevant.” 96-738, at p. 6, 688 So.2d at 111. Continuing, the court reasoned that “it is not the possibility of success that determines the crime of attempt;” rather, “the state must prove that the defendant committed an act tending directly toward the accomplishment of his intent.” Id. Quoting from United States v. Pennell, 737 F.2d 521 (6th Cir.1984), and citing extensively from Interest of J.W., the court explained that to preclude unjust attempt convictions in cases in which there is no Improof that the substance is actually a controlled substance, the federal juris *1210 prudence has crafted the following eviden-tiary rule:
In order for a defendant to be guilty of a criminal attempt, the objective acts performed, without any reliance on the accompanying mens rea [must] mark the defendant’s conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law.... In other words, the defendant’s objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics.
96-738, p. 8, 688 So.2d at 111 (quoting Pennell, 737 F.2d at 525).
Applying that test, in both Interest of J.W. and Harris, the courts cited objective acts performed by the defendants that corroborated the subjective intent to purchase or sell cocaine. In contrast, in this case, the only objective acts that the State established were performed by Mr. Harris were the purported sales of objects from the brown paper bag and his possession of about $500 at the time of arrest. As the trial court stated in its reasons for denying Mr. Harris’ motion for acquittal, the proof of Mr. Harris’ subjective intent consisted only of the expert testimony discussing the large quantity of the substance, the large size of the rocks, the packaging of the substance, the large amount of money in denominations consistent with cocaine distribution found on the defendant’s person, and the fact that the substance was recognizable by the officers as cocaine.
That Mr. Harris was carrying a large sum of cash at the time of his arrest is not a “unique” act, but rather falls within the category of a “commonplace” act engaged in by persons not in violation of the law. Simply put, carrying a sum of slightly over $500 is not an act that is necessarily engaged in only by criminals.
InNor is the fact that the officers recognized the substance contained in the brown paper bag as cocaine sufficient. Had the State established that Mr. Harris sold a substance that was actually cocaine, it would have been “reasonable to infer that he knew the physical nature of the substance, and to place on him the burden of dispelling that inference.” United States v. Oviedo, 525 F.2d 881, 885 (5th Cir.1976). However, the trial court acknowledged the State did not introduce any scientific proof that the substance was cocaine, stating that “[t]he substance alleged to be cocaine was also introduced into evidence.” (Emphasis supplied). Nor does the State contend that it established the nature of the substance.
Given the State’s failure to establish the substance in the brown paper bag was cocaine, “if we convict the defendant of attempting to sell [cocaine] for the sale of a [possibly] non-narcotic substance, we eliminate an objective element that has major evidentiary significance and we increase the risk of mistaken conclusions that the defendant believed the goods were narcotics.” Id. As noted above, that is the purpose behind the evidentiary rule the federal courts crafted, and the Louisiana courts adopted, requiring that “the defendant’s objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics.” Hollis, 96-738, p. 8, 688 So.2d at 111 (quoting Pennell, 737 F.2d at 525). For the reasons discussed above, that rule is not satisfied in this case, and the evidence presented is insufficient to sustain the conviction of Mr. Harris of attempted possession with intent to distribute cocaine.[2]
*1211 | ^DECREE
For the forgoing reasons, we reverse the conviction and sentence of Mr. Harris.
REVERSED.

. On. that same date, a nolle prosequi was entered as to co-defendant, Mr. Cooper, who was then deceased.

. Given our conclusion that the evidence was insufficient, we do not reach defendant's other assignment of error regarding the multiple bill. Nor do we address an error patent found in the record regarding defendant’s sentence.