| .MARION F. EDWARDS, Judge.
Juvenile defendant B.L. appeals his conviction of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966(A) and resisting an officer in violation of LSA-R.S. 14:108. Following a petition filed by the Jefferson Parish District Attorney, an adjudication hearing was held before the juvenile court judge and B.L. was adjudicated a delinquent on both charges. He was committed to the Department of Corrections for one year on the possession with intent to distribute marijuana conviction and six months on the resisting an officer conviction.
B.L. appeals only his adjudication as a delinquent for possession with intent to distribute marijuana.
At the hearing, Causeway Bridge Police Department Officer John Jones testified that on July 11, 2002, he stopped a gray 1982 Oldsmobile Cutlass, driven by B.L., on South Clearview near the Huey P. Long Bridge. The stop was made because the auto had an expired motor vehicle inspection sticker. Officer Jones asked B.L. for identification, vehicle registration and proof of insurance, none of which B.L. was able to produce. B.L. was asked to place his hands on the police [¡¡unit at which time Sergeant Dwain Rullman conducted a pat down search. Sgt. Rullman testified that he felt something in the left pocket of the B.L.’s pants.
B.L. resisted the pat down search and turned on the officer. Sgt. Rullman attempted to regain control of the situation and ultimately handcuffed the juvenile. Sgt. Rullman subsequently found nothing in the juvenile’s pants, but testified that B.L. put whatever was in there into his mouth. After being handcuffed, B.L. spit out one clear plastic baggie with 16 individually wrapped baggies containing green vegetable matter from his mouth. The substance was later identified as 22.46 grams of marijuana.
B.L. argues the evidence was insufficient to prove that he had the requisite intent to distribute the marijuana in his possession. He contends that mere possession of marijuana is insufficient to prove “intent to distribute,” and maintains there was no evidence suggesting the amount the marijuana was inconsistent with personal use. He points out that no drug paraphernalia or cash was seized from him and alleges he had never been convicted of distribution of a controlled dangerous substance in the past.
In a juvenile delinquency proceeding, the State’s burden of proof is the same as in a criminal proceeding against an adult, to prove beyond a reasonable doubt every element of the offense alleged in the *248 petition.[1] The constitutional standard for evaluating the sufficiency of the evidence is the same in a juvenile proceeding as it is in an adult proceeding, that is, whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt.[2]
The crime of possession with intent to distribute marijuana requires proof that the defendant knowingly and intentionally possessed the drug and that he did |4so with the specific intent to distribute it.[3] B.L. does not challenge the finding that he was in possession of marijuana but rather challenges the determination that he had specific intent to distribute marijuana.
Specific intent is defined as that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences as reasonably certain to result from his act or failure to act. LSA-R.S. 14:10. The intent to distribute may be established by proving circumstances surrounding the defendant’s possession which give rise to reasonable inferences of intent to distribute.[4] Factors which may give rise to a reasonable inference that defendant had the specific intent to distribute include 1) previous attempts to distribute, 2) whether the drug was in a form consistent with distribution to others, 3) the amount of the drug, 4) expert or other testimony showing the amount found in the defendant’s possession to be inconsistent with personal use only, and 5) paraphernalia evidencing an intent to distribute.[5]
The possession of large sums of cash may also be considered circumstantial evidence of intent as may the possession of weapons.[6] “In the absence of circumstances from which an intent to distribute may be inferred, mere possession of a drug does not amount to evidence of intent to distribute, unless the quantity is so large that no other inference is possible.”[7]
This court has previously determined that there was insufficient evidence to convict a defendant of possession with intent to distribute 74 grams of loose marijuana, plus 9 grams found in hollowed out cigars.[8] In that ease, there was no | -.evidence that the defendant had ever been convicted of selling or attempting to sell narcotics. While there was testimony relative to common packaging methods, and plastic bags commonly used to package marijuana were found in the home, none of the marijuana was divided into nickel or dime bags. No paraphernalia for preparing joints was found. We found there was no “large sum” of money such as to imply that it was necessarily derived from any source other than drug sales, and that none of the officers who testified was qualified as an expert in the packaging and sales of narcotics. In determining the evidence was *249 insufficient to show the defendant’s intent to distribute, this Court focused on the lack of testimony as to whether the amount of marijuana was consistent with personal use.
In a comparable case in the Fourth Circuit, the factors indicating intent were considered and determined to be insufficient:
... However, the officers — the State’s only witnesses — provided extremely limited circumstantial evidence of defendant’s intent. Turning to the Hearold factors, the officers admitted that they never saw defendant distribute or attempt to distribute the marijuana. Defendant carried only thirteen dollars, limiting his ability to provide change for a sale; and he carried no weapons. Officer Quetant did not provide any expert testimony concerning the packaging of marijuana for retail sales, nor did he address the question of whether the amount of marijuana defendant possessed was inconsistent with personal use. Officer Walker testified that they arrested defendant for possession with intent to distribute because of the quantity of marijuana and the packages of individual baggies. However, the State did not tender Officer Walker as an expert, and the trial court allowed the testimony only to show the basis for defendant’s arrest. Thus, the State did not produce any expert testimony on quantity and/or packaging of marijuana for retail sales. Similarly, it produced no evidence on the consistency of the amount possessed with strictly personal use.[9]
The Second Circuit has similarly found insufficient evidence to support a defendant’s conviction for possession with intent to distribute marijuana.[10] In that case, the defendant was found with 32 “dime” bags of marijuana. The court noted there was no testimony that the amount of marijuana in defendant’s possession was | ^inconsistent with personal use, although there was evidence that the packaging of the marijuana was in a form consistent with distribution. However, the court found there was “no evidence as to how much marijuana by weight is contained in a dime bag or the number of cigarettes which may be rolled from a dime bag.” As such, it concluded “[tjhere was simply no evidence for the jury to consider in deciding whether this was an amount of marijuana sufficient to create a presumption of intent to distribute.”[11] The court commented that it was just as reasonable to assume defendant had just bought the drugs in the packaged form for his personal use.
In the present case, B.L. was found with a large plastic bag containing 16 smaller bags of marijuana, totaling 22.46 grams. There was no expert testimony that the amount of marijuana found in his possession was inconsistent with personal use and no testimony on quantity and/or packaging of marijuana for retail sales. Additionally, there was no evidence that any drug paraphernalia, large amount of cash, or a weapon was found on B.L. or in the vehicle. While the record demonstrated that B.L. had numerous prior adjudicated delinquencies, including possession of cocaine, none of the prior delinquencies were for distribution. Under these circumstances, we find that it was reasonable to assume B.L. had obtained the drugs for *250 his personal use, and hold that the State failed to prove possession with intent to distribute.
However, the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction of a lesser and included offense which is a legislatively authorized responsive verdict. La. C.Cr.P. art. 821(E). This rule is applicable to juvenile proceedings.[12] This court is authorized to enter a judgment |7of guilty of a lesser and included offense.[13] Possession of marijuana is a legislatively authorized responsive verdict to a charge of possession of marijuana with intent to distribute. LSA-C.Cr.P. art. 814(A)(49). We vacate B.L.’s adjudication of delinquency for possession of marijuana with intent to distribute, and enter an adjudication of delinquency for possession of marijuana. The matter is remanded to the juvenile court for resentencing on that offense in accordance with this opinion.
We have conducted an error patent review.[14] In so doing, we note that the record is unclear whether B.L. answered the allegations of the petition. The Children’s Code is silent as to the remedy in this situation. La.Ch.C. art. 104 states the Louisiana Code of Criminal Procedure governs in matters not provided for in the Children’s Code. La.C.Cr.P. art. 555 provides that the failure to arraign a defendant or the fact that he did not plead is waived if the defendant enters upon trial without objecting thereto and that it shall be considered as if he had pled not guilty. Because B.L. proceeded to the adjudication hearing without objection, any irregularity in the arraignment was waived.[15]
In addition, the trial judge did not inform B.L. of the prescriptive period for seeking post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8. Relative to the second sentence, we remand the matter and instruct the trial court to inform the juvenile of the delays for post-conviction relief pursuant to LSA-C.Cr.P. art. 930.
CONVICTION REVERSED IN PART AND MODIFIED; SENTENCE VACATED; REMANDED.

. LSA-Ch.C. art. 883; State in Interest of R.T., 00-0205 (La.2/21/01), 781 So.2d 1239, 1241.

. State in Interest of R.T, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

. LSA-R.S. 40:966(A); State v. Kelly, 01-321 (La.App. 5 Cir. 10/17/01), 800 So.2d 978, 982, writ denied, 01-3266 (La. 11/1/02), 828 So.2d 565.

. State v. Kelly, 800 So.2d at 982.

. Id.

. State v. Hearold, 603 So.2d 731, 736 (La.1992); State v. Taylor, 99-1154 (La.App. 5 Cir. 2/29/00), 757 So.2d 63, 72, writ denied, 00-1021 (La.3/30/01), 788 So.2d 441.

. State v. Hearold, supra, at 735-736.

. State v. Taylor, supra.

. State v. Mamon, 98-1943 (La.App. 4 Cir. 9/8/99), 743 So.2d 766; writ denied 1999-2715 (La.3/17/2000), 756 So.2d 326.

. State v. Coleman, 552 So.2d 513 (La.App. 2 Cir.1989), writ denied 559 So.2d 138 (La.1990).

. Id., at 515.

. State in Interest of Pigott, 413 So.2d 659, 663 (La.App. 1 Cir. 1982); State in the Interest of J. W., 597 So.2d 1056 (La.App. 2 Cir.1992).

. La.C.Cr.P. art. 821(E); State v. Byrd, 385 So.2d 248, 251-53 (La.1980); State v. Mamon, supra.

. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); State in the Interest of C.D., 95-160 (La.App. 5 Cir. 6/28/95), 658 So.2d 39, 41.

. Also see State in the Interest of Z.S., 01-1099 (La.App. 5 Cir. 2/26/02), 811 So.2d 1003, 1008.