McCLENDON, J.
T.C.,[2] a thirteen-year-old juvenile, was charged by petition in juvenile court with aggravated battery, a violation of LSA-R.S. 14:34. He denied the allegation. At an adjudication hearing, following the presentation of evidence, the juvenile court found T.C. delinquent for having committed second degree battery, a violation of LSA-R.S. 14:34.1. Prior to that ruling, T.C. sought a directed verdict of acquittal, which the juvenile court denied. Following the disposition hearing, the court ordered disposition to be deferred for six months and placed T.C. on supervised probation for six months, subject to certain conditions. T.C. now appeals, designating one assignment of error. We vacate the delinquency adjudication for second degree battery and enter an adjudication of delinquency for simple battery. We also vacate the disposition and remand for disposition on the modified adjudication.
*718 FACTS
Testimony adduced at the adjudication hearing revealed that on September 15, 2017, two sixth-grade students engaged in a physical altercation at Woodlawn Middle School in Baton Rouge, Louisiana. According to the victim, M.J., T.C. approached him between classes, said "let's fight," and struck him twice in the face. T.C. was wearing a metal wristwatch with sharp protrusions, and the watch contacted M.J.'s face during the second strike. The wound from the second contact began to bleed, and it eventually led to a scar, which was visible at the adjudication hearing. M.J. testified that the wound did not hurt, but later testimony from M.J.'s mother revealed it required nine stitches in the hospital that day. M.J. returned to school the following day. M.J.'s mother also authenticated a video of M.J.'s injuries, which was taken at the hospital and was played for the court. Additional photos of the injury and of the wristwatch, taken by an investigating sheriff's deputy, were also admitted into evidence. The deputy, Sergeant Calvin Praider with the East Baton Rouge Sheriff's Office, testified that T.C. told him in an interview that M.J. was teasing him about not advancing from the sixth grade to the seventh grade, and that was why T.C. struck him. T.C. admitted to striking M.J., who did not strike him first. T.C. told Sgt. Praider that the watch fell off after he hit M.J. and that he picked it up and ran away. T.C. testified that the watch belonged to his mother and that he knew it was too big for his wrist and hung loose. He also stated that he and M.J. had gotten into a fight the previous year, but that no one knew about it.
T.C. does not argue that he did not cause serious bodily injury to M.J. In his sole assignment of error, T.C. argues that the State did not provide sufficient evidence to establish that he had the specific intent to cause serious bodily injury to M.J. when he struck him. In support, T.C. points to some of the court's reasoning when ruling on the adjudication. Specifically, T.C. urges that the juvenile court demonstrated a mistaken belief that second degree battery is a general intent crime. T.C. correctly notes that aggravated battery only requires general intent. He claims that when the juvenile court adjudicated T.C. delinquent of the lesser-included offense of second degree battery, the court erroneously applied that general-intent analysis to a specific-intent crime. In contrast, the State argues the evidence, viewed in the light most favorable to the prosecution, supported beyond a reasonable doubt that T.C. committed a battery without consent, with the intent to inflict serious bodily injury on M.J.
In a juvenile adjudication proceeding, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. LSA-Ch.C. art. 883. The burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof required in an adult proceeding. State in Interest of S.T., 95-2187 (La.App. 1 Cir. 6/28/96), 677 So.2d 1071, 1074. Accordingly, in delinquency cases, the standard of review for the sufficiency of evidence, is that enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), i.e. , whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821.[3] Further, *719 because a review of the law and facts in a juvenile delinquency proceeding is constitutionally mandated, an appellate court must review the record to determine if the juvenile court was clearly wrong in its factual findings. See La. Const. art. 5, § 10 ; State in Interest of D.M., 97-0628 (La.App. 1 Cir. 11/07/97), 704 So.2d 786, 789-90.
Louisiana Revised Statutes 14:34.1 provides, in pertinent part, that second degree battery is a battery[4] when the offender intentionally inflicts serious bodily injury. In order to prove a second degree battery, the State must prove that the juvenile: (1) committed a battery upon another, (2) without his consent, and (3) intentionally inflicted serious bodily injury. State v. Young, 00-1437 (La. 11/28/01), 800 So.2d 847, 852.[5] "Serious bodily injury" means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death. LSA-R.S. 14:34.1B(3). Second degree battery is a crime requiring specific criminal intent. State v. Fuller, 414 So.2d 306, 310 (La. 1982). Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Such state of mind can be formed in an instant. State v. Cousan, 94-2503 (La. 11/25/96), 684 So.2d 382, 390. Specific intent need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of a defendant. State v. Graham, 420 So.2d 1126, 1127 (La. 1982). More specifically, the intent to inflict serious bodily injury may be inferred from the extent and severity of the victim's injuries. State v. Cornwell, 17-0044, p. 3 (La.App. 1 Cir. 9/27/17), 2017 WL 4314372 (unpublished). The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. McCue, 484 So.2d 889, 892 (La.App. 1 Cir. 1986).
The trier of fact, in this case, the juvenile court, is charged with making credibility determinations. Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the fact finder. State ex rel. T.C., 09-1669 (La.App. 4 Cir. 2/16/11), 60 So.3d 1260, 1263. Moreover, conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency. Id.See also Tibbs v. Florida, 457 U.S. 31, 46, 102 S.Ct. 2211, 2220-21, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. T.C., 60 So.3d at 1263 ; see also State in Interest of D.L.P., 17-1148 (La.App. 1 Cir. 12/21/17), 240 So.3d 945, 949. A trier of fact's determination as to the credibility of a witness is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence. T.C., 60 So.3d at 1263 ; see State v. Vessell, 450 So.2d 938, 943 (La. 1984). In the absence of internal contradictions and irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trial court, is sufficient to support a conviction. State ex rel. DJ., 00-1592 (La.App. 5 Cir. 3/28/01), 783 So.2d 558, 562. However, because a review of the law and facts in a juvenile delinquency proceeding is constitutionally mandated, *720 an appellate court must review the record to determine if the juvenile court was clearly wrong in its factual findings. D.L.P., 240 So.3d at 947.
T.C. acknowledged striking M.J., although he explained that he did not intend to strike M.J. with the watch. T.C. testified that he knew the watch was loose on his wrist, and "probably compressed with [M.J's] face or something." The juvenile court found that T.C. did not have the specific intent to inflict serious bodily injury. In adjudicating T.C. delinquent, the court declared that T.C. "did not have the intent to cause that injury, but he intended to punch [M.J.]." The court noted the watch must have "slipped down" to the back part of T.C.'s hand, and consequently inflicted the injury without T.C.'s specific intent to do so. Based on the record, we cannot say that the juvenile court was clearly wrong in so concluding. However, the juvenile court's language is indicative of its conclusion that T.C. had general intent to commit the offense of second degree battery, which is not sufficient for a finding of delinquency. The juvenile court, while we accept its appreciation of the facts, committed legal error in applying a general intent standard to a specific intent crime.
Given the juvenile court's determination that T.C. did not have the specific intent to cause the disfigurement to M.J., after our own thorough review of the record, and considering the evidence in the light most favorable to the State, we are constrained to find that the evidence does not support the juvenile court's adjudication of delinquency based on the commission of second degree battery. This assignment of error has merit.
While we find insufficient evidence to support the adjudication of delinquency based on the commission of second degree battery, the discharge of T.C. from supervision is not warranted. The discharge of a juvenile is neither necessary nor proper when the evidence supports a conviction on a lesser and included offense that is a legislatively authorized responsive verdict. State ex rel. B.L., 02-0923 (La.App. 5 Cir. 1/28/03), 839 So.2d 246, 250 (citing LSA-C.Cr.P. art. 821E). If an appellate court finds the evidence, viewed in the light most favorable to the State, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post-verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense. LSA-C.Cr.P. art. 821E; State v. Ledet, 96-0142 (La.App. 1 Cir. 11/8/96), 694 So.2d 336, 346, writ denied, 96-3029 (La. 9/19/97), 701 So.2d 163 ; see also State in Interest of J.W., 597 So.2d 1056, 1059 (La.App. 2 Cir. 1992) (rule that discharge of defendant is neither necessary nor proper when evidence supports conviction of lesser and included offense which is legislatively authorized responsive verdict is applicable to juvenile delinquency proceedings). Simple battery is a responsive verdict for aggravated battery. See LSA-C.Cr.P art. 814(18).[6] The evidence in the instant case, viewed in the light most favorable to the State, proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, T.C's commission of a simple battery. Accordingly, we vacate T.C.'s adjudication of delinquency for second degree battery and enter an *721 adjudication of delinquency for simple battery. We also vacate the disposition and remand the matter to the juvenile court for disposition on that offense in accordance with this opinion.
CONCLUSION
For the foregoing reasons, we vacate the adjudication of delinquency for second degree battery and enter an adjudication of delinquency for simple battery. We vacate the disposition and remand for disposition on the modified adjudication consistent with our opinion herein.
ADJUDICATION OF DELINQUENCY MODIFIED; DISPOSITION VACATED; AND REMANDED.
Whipple, C.J. dissents and assigns reasons.

Pursuant to Rules 5-1(a) and 5 -2 of the Uniform Rules-Courts of Appeal, the initials of the minors involved in this matter will be used instead of their names.

In the absence of specific procedures provided by the Louisiana Children's Code, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure. See LSA-Ch.C. art. 803.

Battery is the intentional use of force or violence upon the person of another. LSA-R.S. 14:33.

T.C. concedes that the State established the first two elements.

The responsive verdicts for aggravated battery, pursuant to LSA-C.Cr.P. art. 814, are as follows:
18. Aggravated Battery:
Guilty.
Guilty of second degree battery.
Guilty of simple battery.
Not guilty.