846 So.2d 709 (2003)
STATE of Louisiana
v.
Michael L. HARRIS.
No. 2002-K-1589.
Supreme Court of Louisiana.
May 20, 2003.
*711 Richard P. Ieyoub, Atty. Gen., Eddie J. Jordan, Jr., Dist. Atty., Jacques Y. LeBlanc, Leslie P. Tullier, for Applicant.
Lynda A. Torry, Baton Rouge, for Respondent.
JOHNSON, Justice.
We granted the state's writ application to consider the court of appeal's reversal of defendant's conviction and sentence for attempted possession of a controlled dangerous substance with intent to distribute on grounds that there was insufficient evidence to support the conviction. State v. Harris, 01-1661 (La.App. 4 Cir. 5/8/02), 817 So.2d 1205. After considering the facts and applicable law, we find that the court of appeal erred in reversing the trial court's decision.

FACTS AND PROCEDURAL HISTORY
Relying on information received from a confidential informant regarding narcotics activities in the 1200 block of South Dorgenois Street, New Orleans Police Detective Terri Wilson conducted a controlled purchase of crack cocaine from a man named "Rooney," later identified as defendant, Michael Harris. Detective Wilson then obtained a search warrant for 1240 South Dorgenois Street. Before executing the warrant, Detective Wilson conducted additional surveillance in the area of 1240 South Dorgenois. At this time, he observed the man whom he knew as "Rooney," later identified as defendant, loitering around the area with another man, later identified as James Cooper. A few minutes into the surveillance, an individual walked up to defendant. The two men exchanged words; defendant accepted money from the other person and nodded to Mr. Cooper who walked from the car to some nearby shrubbery, got a brown paper bag and removed a small object. Mr. Cooper then replaced the bag and walked over to defendant and the other person, handed the item to defendant, then defendant handed the object to the individual who gave him the money.
Approximately 15 minutes after this encounter, Sergeant Wilson observed the same kind of transaction with a different individual. Two other similar transactions followed. Based on these observations, Detective Wilson executed the search warrant. Detectives Michael Harrison and Wayne Jacques secured defendant and Mr. Cooper, then Detective Harrison retrieved the brown paper bag from the shrubbery, which Detective Wilson stated contained about three ounces of crack cocaine. Sergeant Wilson identified the brown paper bag during trial. Detective Michael Harrison also found over $500 in cash while searching defendant, in small denominations recognized by experts as those carried by narcotics dealers.
Defendant, Michael Harris, and co-defendant, James Cooper, were arrested on August 2, 1999, and charged with possession of cocaine, more than 28 grams and less than 200 grams, in violation of R.S. 14:967(F)(1). Defendant entered a plea of not guilty. The trial court denied defendant's motion to suppress the evidence and found probable cause to arrest. Defendant's bill of information was amended on the first day of trial, February 7, 2001, to *712 possession of cocaine with the intent to distribute.
At trial, the state did not offer scientific evidence to establish that the contents of the brown paper bag were in fact cocaine. However, Lieutenant Reginald Jacques, an 11-year veteran of the major case narcotics division of the New Orleans Police Department, testified as an expert in the area of packaging and retail distribution of controlled dangerous substances. Upon examining the crack cocaine entered into evidence, Lieutenant Jacques identified some of the pieces as "slabs," or pieces of crack cocaine that are sold on the streets for up to $100 each and some of the smaller pieces known as "twenties" which are sold for $20 each. He also examined the denominations of the currency found during the search of defendant and testified that the denominations present were consistent with those typically found on the person of a crack cocaine dealer.
There were several defense witnesses who testified at trial. Kewel Short, the resident of 1240 South Dorgenois, testified that she did not know defendant and that she came home on the date of defendant's arrest to find her home ransacked. Ms. Short's neighbor, Velma Witey, testified that she knew defendant and that she never saw him selling drugs. She testified further that she had never seen anyone selling drugs in her hallway.
Defendant testified at trial that on August 2, 1999, before the police arrived, he was outside talking to Antoinnette Dewey, Corinthia Francois, and Janine Sutton. Defendant stated that he does not distribute drugs and did not know anything about a brown paper bag filled with crack cocaine before the officers asked him about it. He also testified that he did not know his co-defendant, Mr. Cooper, before their arrest. In explaining the cash on his person, defendant testified that $300 came from his uncle as payment for defendant's helping him with some contracting work and that the other $200 were personal.
The jury found the defendant guilty of attempted possession of cocaine with the intent to distribute. The trial court denied defendant's motion for post-judgment acquittal and sentenced defendant to five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. After the state filed an habitual offender bill, the trial court vacated this sentence on July 26, 2001, and sentenced defendant as a second time offender to seven and one-half years at hard labor without benefit of parole, probation, or suspension of sentence.
Defendant made a timely appeal to the Fourth Circuit and claimed that the state provided insufficient evidence to support his conviction because it failed to prove that the substance he was found guilty of attempting to possess with the intent to distribute was actually crack cocaine, as the state failed to introduce evidence of any chemical testing on the substance. The court of appeal agreed with defendant's contention and reversed the trial court's decision based on the fact that the state failed to "establish the substance in the brown paper bag was cocaine." State v. Harris, 817 So.2d at 1210.

DISCUSSION
In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). Further, an appellate court will not reverse a jury's return of a responsive verdict, *713 whether or not supported by the evidence, as long as the evidence is sufficient to support a conviction for the charged offense. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982). The trier of fact makes credibility determinations, and may, within the bounds of rationality, accept or reject the testimony of any witness; thus, a reviewing court may impinge on the factfinder's discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Mussall, 523 So.2d 1305, 1310 (La.1988).
In its only assignment of error, the state argues that the court of appeal erred in finding that the state did not submit sufficient evidence of attempted cocaine possession to support the jury's verdict. The state argues that even though it inadvertently failed to introduce into evidence the crime lab report that indicated that the substance that defendant sold was cocaine, there was sufficient evidence presented to prove that defendant is guilty of the attempted possession with the intent to distribute cocaine. We agree with the state's contention.
There is ample jurisprudence to support the state's position. In one such case, cited by the state, State in the Interest of J.W., 597 So.2d 1056 (La.App. 2 Cir.1992), defendant, J.W., was convicted of possession of cocaine with the specific intent to distribute in violation of La. R.S. 40:967. The state was required to prove the identity of the drug as cocaine, an essential element of the charged offense. State in the Interest of J.W., 597 So.2d at 1058 (citing State v. James, 517 So.2d 291 (La.App. 1 Cir.1987); State v. Guillory, 447 So.2d 1214 (La.App. 5 Cir.1984)). The state failed to produce a laboratory report or the results of a chemical test which would have proved the exact nature of the suspected contraband. The second circuit concluded that the evidence was thus insufficient to support an adjudication of delinquency on the basis that the defendant had committed the charged offense.
Nevertheless, the court in J.W. went on to consider whether the evidence was sufficient to support a finding of attempted possession in the absence of scientific proof that a controlled dangerous substance was actually involved, i.e. without a chemical analysis of the substance. The court found that the evidence clearly showed that J.W. subjectively believed that the substance in his possession was cocaine, that the substance was packaged like cocaine, and that his statements following his arrest were evidence that he intended to distribute the substance. State in the Interest of J.W., 597 So.2d at 1059. The court concluded:
... regardless of whether the substance was cocaine or not, the evidence was sufficient to show J.W. had specific intent to commit the offense of possession of cocaine with the intent to distribute and he took actions tending directly toward the accomplishment of that objective. Accordingly, the state proved the essential element of the offense of attempted possession of cocaine with the intent to distribute.
The court in J.W. based its decision on federal jurisprudence interpreting analogous federal drug statutes, 21 U.S.C. § 841(a), § 846. The federal courts subscribe generally to the view that the "government need not introduce scientific evidence to prove the identity of a substance... as long as there is sufficient lay testimony or circumstantial evidence from which a jury could find that a substance was identified beyond a reasonable doubt, the lack of scientific evidence does not warrant reversal." United States v. Sanchez DeFundora, 893 F.2d 1173, 1175 (10th Cir.1990). Identification of a controlled substance does not require direct evidence *714 if available circumstantial evidence established its identity beyond a reasonable doubt. United States v. Harrell, 737 F.2d 971, 978 (11th Cir.1984). This circumstantial evidence can include "lay experience based on familiarity through prior use, trading, or law enforcement; a high sales price; on-the-scene remarks by a conspirator identifying the substance as a drug; and behavior characteristic of sales and use such as testing, weighing, cutting and peculiar ingestion." Harrell, 737 F.2d at 978, (citing United States v. Sanchez, 722 F.2d 1501, 1506 (11th Cir.1984); United States v. Crisp, 563 F.2d 1242, 1244 (5th Cir.1977); United States v. Quesada, 512 F.2d 1043, 1045 (5th Cir.1975)). Identification based upon familiarity through law enforcement coupled with present observation of the substance at hand will suffice to establish the illicit nature of a suspected substance. Harrell, 737 F.2d at 978-979.
In United States v. Pennell, 737 F.2d 521 (6th Cir.1984), the defendant was found guilty of attempted possession of cocaine with the intent to distribute after purchasing "sham cocaine" because he had the subjective intent to purchase cocaine. Pennell, 737 F.2d at 525. The court further noted that "the sale of a non-controlled substance that the defendant subjectively believes to be a controlled substance can constitute an attempt to distribute." Id. The defendant's objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics. Pennell, 737 F.2d at 525 (citing United States v. McDowell, 705 F.2d 426, 428 (11th Cir.1983)). The court explained that to preclude unjust attempt convictions in cases in which there is no proof that the substance is actually a controlled substance, the federal jurisprudence has crafted the following evidentiary rule:
In order for a defendant to be guilty of a criminal attempt, the objective acts performed, without any reliance on the accompanying mens rea [must] mark the defendant's conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law.... In other words, the defendant's objective conduct, taken as a whole, must unequivocally corroborate the required subjective intent to purchase or sell actual narcotics.
Pennell 737 F.2d at 525; see also United States v. Everett 700 F.2d 900, 908 (3rd Cir.1983).
The court in State v. Hollis, 96-738 (La. App. 5 Cir. 1/28/97), 688 So.2d 108, adopted the rationale used in J.W. In Hollis, the defendant attempted to purchase a large quantity of narcotics from an undercover officer. However, no drugs were present during the transaction. On appeal, the defendant argued that the evidence was insufficient to support his conviction, inasmuch as there was no proof of the existence of an illegal substance, and no evidence relative to the specific quantity charged. He argued that because the state did not prove that over twenty-eight grams of cocaine were actually present during the transaction, he could not be convicted of violating La. R.S. 40:970, :976(C), and it was impossible for him to be guilty of attempting to purchase over twenty-eight grams of cocaine.
In rejecting the defendant's argument, the court noted the definition of attempt: "any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose." La. R.S. 14:27(A). The court *715 also cited State v. Smith, 661 So.2d 442 (La.1995), in which this Court discussed the issue of attempt. In determining whether the action of a defendant is an attempt, the totality of the facts and circumstances presented by each case must be evaluated. State v. Smith, 661 So.2d at 444 citing State v. Williams, 490 So.2d 255, 261 (La.1986). The overt act need not be the ultimate step toward or the last possible act in the consummation of the crime attempted. Id. It is the intent to commit the crime, not the possibility of success, that determines whether the act or omission constitutes the crime of attempt. Id. The court in Hollis, thus, concluded that based upon the evidence presented at trial, the jury could have reasonably concluded that the actions of the defendant described by the witnesses corroborated his subjective intent to possess cocaine.
In the instant case, as in J.W. and Hollis, the state failed to introduce scientific evidence that the substance was cocaine. However, we find that there was sufficient evidence presented, when considered in its entirety, to support a guilty verdict of the charged offense. The evidence presented clearly shows that the substance was packaged like cocaine and that defendant had on his person over $500.00, in denominations recognized by experts as those carried by those who distribute cocaine. Sergeant Wilson, a narcotics detective with ten years experience in the field and Lieutenant Jacques, an expert in the retail distribution of cocaine with over eleven years of experience in the field, identified the substance as cocaine. This evidence, coupled with the surveillance conducted on defendant on the date of the incident and in the days preceding the incident, provides direct and circumstantial evidence to support a rational trier of fact's conclusion that the substance seized by the detectives was, in fact, cocaine.
Because the evidence introduced at trial was sufficient to support a conviction for the charged offense, it could also support a jury's verdict on the lesser and included offense of attempted possession with intent to distribute. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982). Where the defendant acquiesces in the submission of responsive verdicts, he is bound by the trier of fact's decision to employ a responsive verdict. The evidence must support either the responsive verdict returned or the crime charged. State v. Porter, 93-1106 (La.7/5/94), 639 So.2d 1137.

CONCLUSION
For the foregoing reasons, we reverse the court of appeal's decision. The defendant's conviction and sentence are hereby reinstated.