WALTER J. ROTHSCHILD, Judge.
 

 |2Pefendant was charged with possession of clonazepam, a violation of LSA-R.S. 40:969 C, and pled not guilty at his arraignment. Defendant’s motion to suppress was denied by the trial court and defendant was tried by a six-person jury which found defendant guilty as charged. Thereafter, the trial court sentenced defendant to four years at hard labor.
 
 [1]
 
 Defendant now appeals on the basis of two assignments of error.
 

 Evidence presented at trial revealed the following:
 

 Detective Leon James testified he is assigned to the Street Crimes Unit of the Jefferson Parish Sheriffs Office. On the evening of May 29, 2008, he and his partner, Detective Daniel Kerr, were on duty in an unmarked vehicle. While stopped at the intersection of Garden Road and the Westbank Expressway, Detective James saw a silver vehicle traveling eastbound on the Expressway. The |3officer could see the vehicle’s driver was not wearing a seat-belt. Detective James followed the car and activated his unit’s overhead lights and siren. The driver of the silver car pulled over and stopped.
 

 The officers exited their vehicle. Detective James approached the driver’s side of the silver car, while Detective Kerr approached on the passenger side. Detective James testified the car had three occupants, and defendant was sitting in the back seat. Based on the number of people in the vehicle, Detective James radioed for additional officers.
 

 Detective James asked the car’s driver, Shawn Allen, for his driver’s license and proof of insurance. Allen was unable to produce either of those items. Detective
 
 *498
 
 James began to write Allen a traffic citation.
 
 [2]
 
 At that point, Detective Kerr told James he saw drug paraphernalia and suspicious substances on the front passenger floorboard, where Robert Jones was sitting. Detective Kerr testified he saw a plastic bag containing a white/brown powder which he believed was either cocaine or heroin. Kerr also saw a syringe and a packet of Kool-Aid on the floorboard.
 

 The officers ordered the three men to exit the car and told them they were being detained. Detective James testified that he ran the three subjects’ names on the police database and learned there were outstanding attachments on both defendant and Allen. Detective James arrested defendant and Allen on the warrants, handcuffed them, and advised them of their rights.
 

 Deputy Eric Blandford testified that he searched defendant incident to his arrest. In defendant’s right shoe he found a clear plastic bag containing yellow pills and several plastic bags containing white and off-white powder as well as a rock-like substance. Deputy Blandford turned those items over to Detective Kerr.
 

 |4Petective Kerr testified he field-tested the substances recovered from the floorboard and from defendant, with the exception of the pills. The powder and rock-like substances tested negative for narcotics. Rather than perform chemical tests on the pills, Detective Kerr consulted a drug directory in order to identify them. Detective Kerr did not specify in his testimony what he determined the pills to be.
 

 Daniel Waguespack testified at trial he is a forensic scientist with the Jefferson Parish Sheriffs Office. The trial court accepted him as an expert in the testing, analysis, and identification of controlled dangerous substances. Mr. Waguespack testified that in connection with this case, he examined nine round, yellowish, tablets marked R-84. He did not perform any chemical tests on the pills. Instead, he conducted a visual inspection. Based on the color and shape of the tablets and the numbering on them, Mr. Waguespack determined they were clonazepam, a Schedule IV drug. He included his findings in a lab report.
 

 Mr. Waguespack testified he performed chemical tests on the other substances seized in this case, and those tests were negative for controlled dangerous substances. Mr. Waguespack found they consisted of caffeine, acetaminophen, aspirin, and soap.
 

 By this appeal, defendant first argues the evidence at trial was insufficient to prove he possessed clonazepam, since the State’s witnesses only performed visual inspections of the pills seized from his shoe, and no chemical testing was done. The State responds that the identification of a controlled dangerous substance at trial does not require direct scientific evidence when circumstantial evidence establishes the identity of the substance beyond a reasonable doubt. In this case, the State argues, the testimony at trial was sufficient to prove beyond a reasonable doubt that the pills recovered from defendant’s shoe were clonazepam.
 

 |fiMr. Waguespack, an expert in forensic chemistry, testified he has worked in that field for 40 years. He has been employed by the Jefferson Parish Sheriffs Office since 1994, and prior to that he worked in the New Orleans Police Department’s Crime Laboratory. He has had extensive
 
 *499
 
 specialized training, and has taught at the police academy.
 

 Mr. Waguespack testified he did not perform any chemical tests on the pills. Upon performing a visual examination, he determined the pills looked alike, and they were manufactured pharmaceuticals. He consulted a logo index issued by the Drug Enforcement Administration and an internet website called Just Drug Identification. Based on the color and shape of the tablets, as well as the numbering on them, Mr. Waguespack determined they were clonazepam, a Schedule IV drug. Mr. Waguespack indicated in his Scientific Analysis Report that the tablets were “Positive for Clonazepam.”
 

 Like Mr. Waguespack, Detective Kerr used a reference book to identify the pills by their shape, color, and markings. However, the prosecutor failed to elicit from Detective Kerr what he determined the pills to be.
 

 The constitutional standard for testing the sufficiency of the evidence, as enunciated in
 
 Jackson v.
 
 Virginia,
 
 [3]
 
 requires that a conviction be based on proof sufficient for any rational trier-of-fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
 
 State v. Ortiz,
 
 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930,
 
 cert. denied,
 
 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998);
 
 State v. Miller,
 
 06-451, pp. 7-8 (La.App. 5 Cir. 10/31/06), 945 So.2d 773, 778. Where circumstantial evidence forms the basis of the conviction, the rule is, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must 16exclude every reasonable hypothesis of innocence.” LSA-R.S. 15:438. This is not a separate test from the Jackson standard; rather, it provides a helpful basis for determining the existence of reasonable doubt.
 
 State v. McFarland,
 
 07-26, p. 7 (La.App. 5 Cir. 5/29/07), 960 So.2d 1142, 1146,
 
 writ denied,
 
 07-1463 (La.1/7/08), 973 So.2d 731. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 Id.
 

 To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant knowingly possessed an illegal drug.
 
 State v. Decay,
 
 07-966, p. 7 (La.App. 5 Cir. 6/19/08), 989 So.2d 132, 137,
 
 writ denied,
 
 08-1634 (La.4/13/09), 5 So.3d 161. The identity of the drug is an essential element of the charged offense.
 
 State in the Interest of J.W.,
 
 597 So.2d 1056, 1058 (La.App. 2 Cir.1992);
 
 State v. James,
 
 517 So.2d 291, 293 (La.App. 1 Cir.1987).
 

 Even without the benefit of direct scientific evidence, we find that the expert testimony of Mr. Waguespack was sufficient to show the pills contained clonazepam. The Louisiana Supreme Court has adopted the view of the federal courts that the “ ‘government need not introduce scientific evidence to prove the identity of a substance ... as long as there is sufficient lay testimony or circumstantial evidence from which a jury could find that a substance was identified beyond a reasonable doubt, the lack of scientific evidence does not warrant reversal.’ ”
 
 State v. Harris,
 
 02-1589, p. 6 (La.5/20/03), 846 So.2d 709, 713 (quoting
 
 United States v. Sanchez DeFundora,
 
 893 F.2d 1173, 1175 (10th Cir.1990),
 
 cert. denied,
 
 495 U.S. 939, 110 S.Ct. 2190, 109 L.Ed.2d 518 (1990)). The supreme court further found, “[ijdentification based upon familiarity through law enforcement coupled with present observation of the substance at hand will suffice to establish
 
 *500
 
 the illicit nature of a suspected substance.”
 
 Harris,
 
 02-1589 at 6, 846 So.2d at 714 (citing
 
 United States v. Harrell,
 
 737 F.2d 971, 978-79 (11th Cir.1984)).
 

 Further, in a case factually similar to the instant matter, the Third Circuit found the evidence at trial was sufficient to support the defendant’s conviction for possession with intent to distribute hydrocodone.
 
 State v. Carter,
 
 07-1237 (La.App. 3 Cir. 4/9/08), 981 So.2d 734,
 
 writ denied,
 
 08-1083 (La.1/9/09), 998 So.2d 712. In that case, officers recovered pills from under the back seat of a police car after the defendant exited the vehicle.
 
 Id.,
 
 07-1237 at 14, 981 So.2d at 743. At trial, an expert in forensic chemistry testified that the pills contained hydrocodone. He stated he had not performed chemical analysis on the pills, but had identified them by visual inspection and comparison to pictures in a book.
 
 Id.,
 
 07-1237 at 14, 981 So.2d at 744. Additionally, a police officer testified he had seen similar pills in the past in connection with his job, and that the pills at issue were hydrocodone pills.
 
 Id.
 
 Relying in part on
 
 State v. Harris,
 
 the Third Circuit found there was sufficient lay and expert testimony from which the jury could find beyond a reasonable doubt that the pills at issue were hydrocodone.
 
 Carter,
 
 07-1237 at 16, 981 So.2d at 745.
 

 Based on the foregoing, we conclude that the expert testimony of Mr. Wagues-pack was sufficient to support a finding beyond a reasonable doubt that the pills seized from defendant were clonazepam.
 

 Defendant next argues the trial court erred in allowing the State to introduce evidence of the counterfeit substances retrieved from defendant’s shoe, as those substances constituted inadmissible “other crimes” evidence. The State contends the evidence at issue was admissible as res gestae.
 

 During a bench conference at the beginning of trial, defense counsel asked the court to prohibit any mention of the “bunk” substances seized from defendant’s |sshoe. Defense counsel argued such mention would constitute inadmissible “other crimes” evidence. The prosecutor responded that in order to show that defendant possessed the clonazepam pills illegally (i.e., without a prescription), it was necessary for the State to explain the circumstances in which the officers found the pills. Defense counsel also pointed out that simple possession of counterfeit drugs is not a crime.
 
 [4]
 
 The Court initially ruled that the evidence at issue was inadmissible, since its prejudicial effect would outweigh its probative value. But after further consideration, the judge reversed himself and ruled that the evidence was admissible as res gestae, and that it was also admissible to show knowledge and intent. The court based its ruling on this Court’s opinion in
 
 State v. Hopson,
 
 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767.
 

 Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. LSA-C.E. art. 404 B;
 
 State v. Prieur,
 
 277 So.2d 126, 128 (La.1973). But evidence of other crimes, wrongs, or acts may be introduced when it is independently relevant or when it relates to conduct, formerly referred to as res gestae, that “constitutes an integral part of the act or transaction that is the subject of the present proceeding.” LSA-C.E. art. 404 B(1). In
 
 State v. Taylor,
 
 01-1638, pp. 10-11 (La.1/14/03), 838 So.2d 729, 741,
 
 cert. denied,
 
 540 U.S. 1103, 124 S.Ct.
 
 *501
 
 1036, 157 L.Ed.2d 886 (2004), the Louisiana Supreme Court discussed the admissibility of “other crimes” evidence categorized as res gestae:
 

 Res gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them. A close proximity in time and location is required between the charged offense and the other crimes evidence “to insure that ‘the purpose served by admission of other crimes evidence is not to depict defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.’ ”
 
 State v. Colomb,
 
 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076 (quoting
 
 State v. Haarala,
 
 398 So.2d 1093, 1098 (La.1981)). The res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances.
 
 State v. Huizar,
 
 414 So.2d 741, 748 (La.1982);
 
 State v. Kimble,
 
 407 So.2d 693, 698 (La.1981). In addition, as this court recently observed, integral act (res gestae) evidence in Louisiana incorporates a rule of narrative completeness without which the state’s case would lose its “narrative momentum and cohesiveness, ‘with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.’ ”
 
 Colomb,
 
 747 So.2d at 1076 (quoting
 
 Old Chief v. United States,
 
 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)).
 

 In the instant case, we find that the State showed the requisite connexity between the charged conduct and the uncharged conduct. The “bunk” substances at issue here were recovered together with the pills that were the subject of the instant charge. This Court has found evidence of other crimes or bad acts was admissible as res gestae under circumstances similar to those in this case.
 

 In
 
 State v. Hopson, supra,
 
 police officers stopped the defendant for driving a vehicle without a license plate. The officers saw the defendant throw something out of the car’s window. On further inspection, the officers found the defendant had discarded two envelopes containing marijuana and a rock of crack cocaine wrapped in plastic.
 
 Hopson,
 
 97-509 at 2, 703 So.2d at 768. The trial court allowed the marijuana evidence to be admitted at the defendant’s trial for possession of cocaine.
 
 Id.
 
 at 4, 703 So.2d at 770. An officer testified at trial that the rock of crack was two to four feet away from the envelopes. On appeal, the defendant argued the marijuana was improperly admitted at trial, as it was impermissible other crimes evidence. This Court found that the marijuana evidence and the testimony about it were admissible as res gestae.
 
 Id.
 
 at 5, 703 So.2d at 770.
 

 In
 
 State v. Snavely,
 
 99-1223 (La.App. 5 Cir. 4/12/00), 759 So.2d 950,
 
 writ denied,
 
 00-1439 (La.2/16/01), 785 So.2d 840, officers found a handgun in the defendant’s pocket after they arrested him for possession with intent to distribute cocaine. The defendant was tried on the cocaine charge, and the gun was admitted into evidence at his trial. This Court found that the evidence pertaining to the discovery of the gun constituted an integral part of the crime of possession with intent to distribute cocaine, and was thus admissible as res gestae. This Court noted that the “evi
 
 *502
 
 dence was used merely to complete the story of the crime on trial and allow the state to accurately present its case.”
 
 Snavely
 
 99-1223 at 7, 759 So.2d at 956.
 

 In
 
 State v. Colomb, supra,
 
 the Louisiana Supreme Court found that the marijuana recovered from the defendant’s person at the same time officers discovered a gun in the van he was driving was admissible as res gestae evidence at the defendant’s trial for possession of a firearm by a convicted felon. The supreme court reasoned that
 

 evidence of the defendant’s marijuana possession contemporaneous with the police discovery of the firearm in his truck provided not only narrative completeness to a case which began as a narcotics stop but also formed an integral part of the context facts in which jurors evaluated the state’s case for defendant’s exercise of dominion and control over the weapon found under the passenger seat of the van.
 

 Colomb,
 
 98-2813 at 4, 747 So.2d at 1076.
 

 Based on the foregoing, we find the evidence at issue was admissible as res gestae. However, even if the trial court erred in allowing admission of the counterfeit materials, the erroneous admission of other crimes evidence is subject to harmless error analysis.
 
 State v. Williams,
 
 05-318, p. 4 (La.1/17/06), 921 So.2d 1033, 1036,
 
 writ denied,
 
 06-0973 (La.11/3/06), 940 So.2d 654. An error is harmless when the verdict is “surely unattributable to the error.”
 
 Id.
 
 The evidence against defendant at | ntrial was overwhelming, even without the admission of the counterfeit substances. Uncontroverted testimony showed the clonazepam was found inside of defendant’s shoe. In view of the strong evidence against defendant, it can be said that any error the trial court made in admitting the counterfeit substances into evidence was harmless beyond a reasonable doubt.
 

 Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920, regardless of whether defendant makes such a request.
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Upon inspection of the record, no
 
 errors
 
 patent were found.
 

 Accordingly, for the reasons assigned herein, the conviction and sentence of defendant, John E. Murphy, are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . It appears from the record that the State subsequently filed a habitual offender bill of information in this case. The habitual offender proceedings are not included in the record, and they are not part of this appeal.
 

 [2]
 

 . Allen was ultimately cited for failure to wear a seatbelt, driving without a license, and failure to provide proof of insurance.
 

 [3]
 

 .
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 

 [4]
 

 . While it is not illegal under Louisiana law to simply possess “bunk," or counterfeit drugs, it is illegal to possess with intent to distribute counterfeit narcotics. See, e.g., LSA-R.S. 40:967 A(2); LSA-R.S. 40:971.1