DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
11-95

STATE OF LOUISIANA

VERSUS

DEXTER O'NEIL MAYES

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-K-1075
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Earl B. Taylor, District Attorney**
**Jennifer M. Ardoin, Assistant District Attorney**
**P.O. Drawer 1968**
**Opelousas, LA 70571**
**Counsel for Appellee:**
    **State of Louisiana**

**Paul C. Marx**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598**
**Counsel for Defendant/Appellant:**
    **Dexter O'Neil Mayes**

**PAINTER, Judge.**

Defendant, Dexter O'Neil Mayes, appeals his conviction for negligent homicide in connection with the stabbing death of Samuel Greene. For the following reasons we affirm the conviction.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of February 27, 2009, Ricky Romero, Jr., an officer with the Eunice Police Department, was called to investigate a disturbance at a location on Aymond Street in Eunice. Officer Romero found Samuel Greene lying on his stomach, dead of a stab wound in his back. A butcher knife was lying near the body. Dr. Joel Carney performed an autopsy on behalf of the Louisiana Forensic Center. He testified that the stab wound, which was inflicted with a downward motion of the knife, caused Greene's death as a result of injuring his lung and aorta.

A grand jury indicted Defendant, Dexter O'Neil Mayes, with one count of second degree murder. After a trial on the merits, Defendant was found guilty of negligent homicide, in violation of La.R.S. 14:32. Defendant filed a motion for a post-verdict judgment of acquittal, which the trial court denied after a hearing. On September 9, 2010, the trial court sentenced Defendant to serve five years at hard labor, with credit for time served, to be served concurrently with any other sentences he might then be serving, and fined him $1,000.00.

Defendant appeals, asserting that the evidence adduced at trial was insufficient to support a conviction of negligent homicide.

1

**DISCUSSION**

The Louisiana Supreme Court has discussed the standard of review for evaluating the sufficiency of the evidence on appeal:

> The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. A reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure the *Jackson* standard of review. It is not the function of an appellate court to assess credibility or re-weigh the evidence.

*State v. Macon*, 06-481, pp. 7-8 (La. 6/1/07), 957 So.2d 1280, 1285-86 (citations omitted).

Defendant was originally charged with second degree murder, which is "the killing of a human being: (1) When the offender has a specific intent to kill or to inflict great bodily harm. . . ." La.R.S. 14:30.1. However, Defendant was convicted of the lesser included offense of negligent homicide, which is "[t]he killing of a human being by criminal negligence." La.R.S. 14:32(A) (as last amended by 2008 La. Acts No. 10, § 1 and No. 451, § 2). Negligent homicide is a responsive verdict to second degree murder under La.Code Crim.P. art. 814. "[A]n appellate court will not reverse a [factfinder's] return of a responsive verdict, whether or not supported by the evidence, as long as the evidence is sufficient to support a conviction for the charged offense." *State v. Harris*, 02-1589, p. 4 (La. 5/20/03), 846 So.2d 709, 712-13.

The second circuit has found that pulling a knife during horseplay and causing another's death by stabbing the knife into the victim were sufficient to support a

2

second degree murder conviction. *State v. Ruffins*, 597 So.2d 171(La.App. 2 Cir. 1992). The act of deliberately stabbing the victim showed that the defendant had the requisite specific intent to kill or inflict great bodily harm. *Id*.

Defendant argues that the evidence shows that the victim chased him around the yard with a board and then, while they wrestled on the ground, rolled onto the knife Defendant obtained to scare him. However, the evidence in the record most favorable to the prosecution, as testified to by witnesses to the event, shows that Defendant engaged in a fist fight with the victim and won the fight, which was broken up at the insistence of the victim's brother, Linton, and his brother's girlfriend, Ms. Miller. Defendant then ran into the trailer he was visiting, while Linton and Ms. Miller convinced the victim to leave. Defendant armed himself with a knife and forced his way out of the trailer through the resistance created by the occupants. As the victim was entering his girlfriend's automobile, Defendant ran out of the residence brandishing the knife. Defendant charged the victim who saw the knife and stooped to pick up a piece of lumber lying nearby. While the victim was still bent over, Defendant stabbed him in the back, which caused the victim to fall to his knees. The victim stood and pursued Defendant several steps with the lumber before crying, "You got me," and collapsing to the ground. Defendant then backtracked to the victim and attempted to staunch the bleeding until the police arrived. At that time, Defendant fled the scene. The victim died as a result of the injury inflicted by Defendant.

When the evidence is viewed in the light most favorable to the prosecution, Defendant's actions were neither self-defense nor justified because he was the aggressor in the incident. La.R.S. 14:21. Defendant ran at the victim while

3

brandishing a knife.  Because the evidence supports the conclusion that the victim reacted to Defendant's aggression by arming himself with the board, the victim was the defender.  La.R.S. 14:19.

When the evidence is viewed in the aspect most favorable to the State, any rational trier of fact could have found that the State proved the elements of second degree murder beyond a reasonable doubt.  Therefore, under *Ruffins*, there was sufficient evidence introduced at trial to support Defendant's conviction for negligent homicide.

## CONCLUSION

For these reason, Defendant's conviction is affirmed.

AFFIRMED.