SUSAN M. CHEHARDY, Judge.
li>On appeal, defendant challenges the sufficiency of the evidence used to convict him of attempted possession of cocaine. For the following reasons, we affirm.

Facts and Procedural History

On May 1, 2010, officers from the Jefferson Parish Sheriffs Office (“JPSO”) executed a search and seizure warrant at 358 Metairie Heights in Metairie, Louisiana. Deputy James Matthews, “a canine handler,” was the first officer through the door during the execution. While he was in the process of securing the rooms on the first floor, Deputy Matthews heard voices from behind a closed door in the hallway. After he opened the door, Deputy Matthews observed two nude individuals in the bathroom — a woman sitting in the bathtub full of soapy water and a man sitting on the closed toilet seat. Officers later identified the woman as Kassandra Reed and the man as Monty Merrill, defendant herein. Officers allowed the individuals to clothe themselves then handcuffed and removed them from the bathroom.
13After the suspects were secured, Deputy Matthews entered the house with his specially trained, drug detection dog. When the dog was brought into the bathroom, it alerted that narcotics were present in the bathtub and in a small leather purse on the floor of the bathroom.[1]
Sergeant Shane Klein of the JPSO was the supervisor of the team that executed the warrant. After advising the suspects of their rights, Sergeant Klein entered the bathroom and seized a syringe, a small plastic bag of off-white rocks, a razor blade, and two glass and metal pipes from the water in the bathtub.[2] Further, officers also seized seven syringes, a glass and metal pipe, another razor blade, and another small plastic bag from a small leather bag that belonged to Reed and more than $600.00 in U.S. currency from the pocket of jeans that belonged to Reed. Deputy Matthews testified that he did not find defendant in possession of any narcotics, paraphernalia, or currency.
The defense called Kassandra Reed to testify at trial, but she was unavailable. The parties agreed by joint stipulation that if Reed was available to testify that she would testify pursuant to the Note of Evidence she provided to the court in August of 2011. At that proceeding, Reed testified that she was arrested for possession of paraphernalia and possession of crack cocaine on May 1, 2010, at 358 Metairie *268 Heights in Metairie, Louisiana. She admitted that she pled guilty to both charges and was currently incarcerated for those convictions as well as others.
Reed stated that, on May 1, 2010, she had just injected herself with heroin before the raid began so she did not have a good recollection of the events surrounding the raid. She said that defendant knew that she had a drug problem but that defendant did not know that she was using heroin in the bathroom that day. She explained that she and defendant were in a relationship limited to “sex binges” 14that occurred while she “self-medicated.” She stated that she had invited defendant to her friend’s house in Metairie but that he did not purchase, sort, or use any of the drugs found during the raid that day. The currency found in her pants pocket was money she earned as a prostitute. She further said that any narcotics and paraphernalia found in her purse belonged to her. She admitted that she tried to hide the drugs and paraphernalia that belonged to her in the soapy water of the bathtub.
On May 27, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Monty Merrill, with one count of possession of cocaine, in violation of La. R.S. 40:967(C). On April 3, 2012, the matter proceeded to trial before a six-person jury, who subsequently found defendant guilty of the responsive verdict of attempted possession of cocaine. On April 18, 2012, the trial judge sentenced defendant to one year imprisonment at hard labor, which was suspended. Defendant was placed on twelve months active probation, with special conditions.[3] On May 1, 2012, defendant filed his motion for appeal, which was granted the following date. This appeal follows.

Law and Argument

In his sole assignment of error, defendant argues that the evidence was insufficient to sustain the State’s burden of proof of the charged offense. Defendant further argues, as he did in the trial court, that the trial judge erred in not granting the defense motion for a post verdict judgment of acquittal for two reasons: first, the State failed to prove that the substance seized from the bathroom was cocaine, and, second, Mr. Merrill had neither direct nor constructive | ¡^possession of the alleged contraband or the paraphernalia.[4] Defendant argues that the trial judge improperly relied upon the Harris[5] case to deny his motion for post verdict judgment of acquittal because Harris is inapposite.
The State responds that the evidence presented at trial is sufficient to support a finding that defendant knowingly and in *269 tentionally possessed cocaine, thereby supporting a conviction of the lesser included offense of attempted possession of cocaine. The State concedes that it inadvertently failed to offer scientific evidence that the substance seized from the bathtub contained cocaine but contends that the jury heard sufficient lay testimony and circumstantial evidence to find beyond a reasonable doubt that the substance was cocaine. The State contends that Reed’s testimony and the paraphernalia found indicate that the substance was cocaine.
Further, the State also concedes that defendant was not in actual physical possession of the cocaine at the time the officer entered the bathroom, but contends that the defendant’s guilty knowledge and intent to possess the cocaine can be inferred from defendant’s proximity to the drugs and to Reed in a very small bathroom. The State further contends that the jury’s rejection of Reed’s testimony that she was the sole owner of the cocaine is a credibility determination.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier-of-fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Ortiz, 96-609 (La.10/21/97); 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722. (1998); State v. Miller, 06-451 (La.App. 5 Cir. 10/31/06); 945 So.2d 773, 778.
In cases involving circumstantial evidence, the trial court must instruct the jury that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” La. R.S. 15:438. This is not a separate test from the Jackson standard, but rather it provides a helpful basis for determining the existence of reasonable doubt. State v. McFarland, 07-26 (La.App. 5 Cir. 5/29/07); 960 So.2d 1142, 1146, writ denied, 07-1463 (La.1/7/08); 973 So.2d 731. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. Id.
The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342 (La.10/17/00); 772 So.2d 78, 83; State v. Wright, 10-577 (La.App. 5 Cir. 2/15/11); 61 So.3d 88, 96-97, writ denied, 11-0560 (La.9/30/11); 71 So.3d 283.
First, defendant contends that the State failed to prove the identity of the substance at issue. To support a conviction for possession of a controlled dangerous substance, the State must prove that the defendant knowingly possessed a controlled dangerous substance. State v. Murphy, 09-432 (La.App. 5 Cir. 11/24/09); 28 So.3d 496, 499, writ denied, 10-0016 (La.6/25/10); 38 So.3d 334. The identity of the drug is an essential element of the charged offense. Id.
17Although scientific evidence that identifies a controlled dangerous substance is beneficial, the Louisiana Supreme Court in State v. Harris, 02-1589 (La.5/20/03); 846 So.2d 709, 713, specifically held that the lack of scientific evidence does not warrant reversal. In State v. Murphy, 28 So.3d at 499, this Court followed Harris and the *270 federal interpretation that the “ ‘government need not introduce scientific evidence to prove the identity of a substance ... as long as there is sufficient lay testimony or circumstantial evidence from which a jury could find that a substance was identified beyond a reasonable doubt.’ ” (quoting Harris, supra, and United States v. Sanchez DeFundora, 893 F.2d 1173, 1175 (10th Cir.1990), cert. denied, 495 U.S. 939, 110 5.Ct. 2190, 109 L.Ed.2d 518 (1990)). This Court further noted that, “[identification based upon familiarity through law enforcement coupled with present observation of the substance at hand will suffice to establish the illicit nature of a suspected substance.” Murphy, 28 So.3d at 499-500 (quoting Harris, 846 So.2d at 714 (citation omitted)).
At trial, Deputy Matthews testified that his specially-trained, drug detection dog alerted to the presence of contraband in the bathtub and on the floor of the bathroom where the two suspects were found. Further, Sergeant Klein testified that he removed drug paraphernalia and a plastic bag with “two large pieces of crack cocaine ... from within the bathtub.” Moreover, Kassandra Reed testified that she had purchased crack cocaine that day, which she dumped into the bathtub when she heard the police in the house. Accordingly, even without the benefit of scientific evidence, we find that the State presented sufficient lay testimony and circumstantial evidence to allow a jury to identify beyond a reasonable doubt that the substance found in the bathroom was cocaine.
Next, defendant also contends that the State failed to prove that he possessed a controlled dangerous substance. In this case, defendant was charged with 18possession of cocaine, a violation of La. R.S. 40:967(C), but found guilty of attempted possession of cocaine, in violation of La. R.S. 14:27 and 40:967(0.
Evidence that would support a conviction of a charged offense would necessarily support a conviction of an authorized responsive verdict or lesser included offense. State v. Simmons, 01-0293 (La.5/14/02); 817 So.2d 16. Attempted possession of cocaine is an authorized responsive verdict to a charge of simple possession of cocaine. La.C.Cr.P. art. 814(50.1); State v. Sylvia, 01-1406 (La.4/9/03); 845 So.2d 358, 361. An appellate court will not reverse a jury’s return of a responsive verdict, whether or not supported by the evidence, as long as the evidence is sufficient to support a conviction for the charged offense. State v. Harris, 02-1589 (La.5/20/03); 846 So.2d 709, 712-13. The evidence must support either the responsive verdict returned or the crime charged. Id. at 715.
To convict an offender for possession of a controlled dangerous substance, the State must present evidence establishing beyond a reasonable doubt that the defendant was in possession of the substance and that he knowingly and intentionally possessed it. La. R.S. 40:967(C); State v. Toups, 01-1875 (La.10/15/02); 833 So.2d 910. Possession of cocaine is a general intent crime.[6]
To convict an offender for attempted possession of a controlled dangerous substance, the State had to prove that the defendant had the specific intent to possess cocaine, and that defendant did, or omitted to do, an act tending directly toward possessing cocaine. State v. Segura, *271 02-280 (La.App. 5 Cir. 9/30/02); 829 So.2d 587, 590 writ denied, 02-2696 (La.3/28/03); 840 So.2d 569. Attempted possession of cocaine requires specific intent.[7]
The element of possession maybe proven by showing that the defendant exercised either actual or constructive possession of the cocaine. State v. Henry, 08-658 (La.App. 5 Cir. 10/27/09); 27 So.3d 935, 942, writ denied, 09-2485 (La.4/23/10); 34 So.3d 269. A person who is not in physical possession of a drug may have constructive possession when the drugs are under that person’s dominion or control. Id. A suspect can have constructive possession if he jointly possesses drugs with a companion, and if he willfully and knowingly shares with his companion the right to control the drugs. Id. Proximity to the drug, or association with the possessor, may establish a prima facie ease of possession when colored by other evidence. State v. Jones, 04-1258 (La.App. 5 Cir. 4/26/05); 902 So.2d 426, 431.
The question of possession hinges on the particular facts of each case. Factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession include: (1) the defendant’s knowledge that illegal drugs were in the area, (2) the defendant’s relations with the person found to be in actual possession, (3) the defendant’s access to the area where the drugs were found, (4) evidence of recent drug use by the defendant, (5) the existence of paraphernalia, and (6) evidence that the area was frequented by drug users. Henry, 27 So.3d at 942-43. However, the mere presence of a defendant in the area where a controlled dangerous substance is found or mere | ^association -with the person found in possession of the controlled dangerous substance is insufficient to constitute constructive possession. Id.
Here, Deputy Matthews testified that he found defendant and a woman in a small bathroom while executing a search warrant. When Deputy Matthews opened the bathroom door, he observed defendant sitting naked on top of the closed toilet seat. Deputy Matthews also observed Kassandra Reed sitting, naked, in a bathtub full of soapy water. Deputy Matthews did not immediately observe illegal drugs or paraphernalia when he opened the bathroom door. He also testified that he did not find illegal substances or contraband on the defendant’s person or in his clothes.
Deputy Matthews retrieved his specially-trained dog who alerted that illegal drugs were present in the bathroom. Eventually, officers seized cocaine from a plastic bag in the bathtub and a leather pouch on the bathroom floor. Further, drug paraphernalia was also found in the tub and in a leather pouch on the bathroom floor. Sergeant Klein testified that he learned from defendant that there was a “crack pipe” in the bathroom. Kassan-dra Reed testified that the illegal drugs and paraphernalia belonged to her and that defendant knew that Reed had a drug habit but did not purchase, use, or possess drugs or paraphernalia.
We have examined the evidence presented in light of the factors to be considered in determining whether this defendant ex *272 ercised dominion and control sufficient to constitute constructive possession. First, the drugs were found in the bathtub where defendant’s “escort” girlfriend with a significant drug habit was bathing. Although he was not in the bathtub, he was sitting naked near the tub. Next, there was paraphernalia in the bathroom, which at least one police officer testified that defendant knew existed. On the other hand, there was no evidence that defendant had recently used drugs. Further, Reed stated that defendant had not been to this house before and did not frequent this house.
|T1The jury, which was presented by the defense with the hypothesis of innocence that the cocaine belonged exclusively to Reed and defendant had no knowledge of the cocaine, rejected that hypothesis by finding defendant guilty of attempted possession of the cocaine. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the fact finder and, thereby, overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. See State v. Calloway, 07-2306 (La.1/21/09), 1 So.3d 417, 418 (per curiam).
Thus, although we might have reached a different conclusion, we will not overturn a verdict where, as here, a rational trier of fact could have found that the State presented evidence of the essential elements of possession of cocaine beyond a reasonable doubt. Accordingly, we affirm defendant’s conviction.

Errors patent

Finally, we have reviewed the record for errors patent, according to La.C.Cr.P. art. 920. We find that defendant was not adequately advised of the prescriptive period for applying for post-conviction relief as required by La.C.Cr.P. art. 980.8. Accordingly, by way of this opinion, we advise defendant that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922. See State v. Neely, 08-707, p. 9 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09), 21 So.3d 272; State v. Davenport, 08-463, pp. 10-11 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473.

AFFIRMED

JOHNSON, J., dissents.

. According to Deputy Matthews, one could also hear humming under the water in the bathtub.

. Sergeant Klein also removed a "sex toy,” which was still vibrating, from the bathtub.

. The trial court imposed conditions of probation, including court costs of $480.50, Commissioner’s Fee of $100.00, Intensive Probation Drug Court fee of $150.00, and supervision fees as assessed by the Probation and Parole Department. Further, the trial court imposed 50 hours of community service to be completed within 12 months, in lieu of a fine.

. On appeal, defendant raises the same argument that he presented in his motion for post verdict judgment of acquittal, which is that the evidence presented by the State was insufficient to support his conviction of attempted possession of cocaine. The question of sufficiency of the evidence is properly raised by a motion for post verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Hampton, 98-0331 (La.4/23/99); 750 So.2d 867, 880, cert. denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 390 (1999); State v. Bazley, 09-358 (La.App. 5 Cir. 1/11/11); 60 So.3d 7, 18, writ denied, 11-0282 (La.6/17/11); 63 So.3d 1039. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. La. C.Cr.P. art. 821(B).

.State v. Harris, 02-1589 (La.5/20/03); 846 So.2d 709.

. General criminal intent is present “whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” La. R.S. 14:10(2).

. Specific criminal intent exists "when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1); Jones, 902 So.2d at 432. Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. Jones, 902 So.2d at 432. The fact-finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id.