| STATE OF LOUISIANA | * | NO. 2019-KA-0901 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| GABRIEL O. HUNTER | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 536-435, SECTION "H"
Honorable Camille Buras, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

**JENKINS, J., CONCURS WITH REASONS**
**BARTHOLOMEW-WOODS, J., CONCURS WITH REASONS**

Leon Cannizzaro
District Attorney
Donna R. Andrieu
Michael Ambrosia
Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE, ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE/THE STATE OF LOUISIANA

Mary Constance Hanes
LOUISIANA APPELLATE PROJECT
P. O. Box 4015
New Orleans, LA 70178-4015

      COUNSEL FOR APPELLANT/DEFENDANT

                        **VACATED AND REMANDED**

                            **MAY 27, 2020**

*RML* This is a criminal case. The defendant, Gabriel Hunter, appeals his conviction and sentence for molestation of a juvenile. For the reasons that follow, we vacate and remand.

## BACKGROUND

On August 10, 2017, Mr. Hunter was indicted on one count of aggravated rape.[1] Following a two-day trial, the jury found Mr. Hunter guilty of the lesser included offense of molestation of a juvenile, by a vote of ten to two. The district court sentenced Mr. Hunter to fifty years imprisonment at hard labor. This appeal followed.

## DISCUSSION

Mr. Hunter assigns as error the sufficiency of the evidence.[2] Mr. Hunter, however, does not contend that the State failed to prove that he committed acts that

---

[1] Because the rape was alleged to have taken place before the amendment of La. R.S. 14:42, Mr. Hunter was charged with aggravated rape, rather than first degree rape.

[2] *See State v. Hearold*, 603 So.2d 731, 734 (La. 1992) (observing that "[w]hen issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence"). As the Louisiana Supreme Court has explained, "[t]he reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). Such an acquittal would necessarily prevent any retrial. *See State v. Gaine*s, 96-1850, p. 4 (La. App. 4 Cir. 1/29/97), 688 So.2d 679, 682 (observing that "[a]lthough [the

1

would constitute aggravated rape; rather, Mr. Hunter narrowly contends that the State failed to prove that any of those acts occurred in Louisiana. Mr. Hunter contends that, because the State failed to prove that an aggravated rape occurred in Louisiana, the district court was without authority to enter a conviction, either for aggravated rape or for any lesser included offense.

The Louisiana Supreme Court has set forth the following standard of review of the sufficiency of the evidence:

> When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Neal*, 00-0674, (La. 6/29/01) 796 So.2d 649, 657 (citing *State v. Captville*, 448 So.2d 676, 678 (La. 1984)).

*State v. Brown*, 03-0897, p. 22 (La. 4/12/05), 907 So.2d 1, 18. In cases involving sexual offenses, "the testimony of the victim alone may be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense." *State v. Barbain*, 15-0404, p. 10 (La. App. 4 Cir. 11/4/15), 179 So.3d 770, 778 (citing *State v. Reel*, 10-1737, p. 8 (La. App. 4 Cir. 10/3/12), 126 So.3d 506); *see also State v. Williams*, 49,249, p. 7 (La. App. 2 Cir. 10/1/14), 149 So.3d 462, 468 (observing that "[t]he testimony of a sexual assault victim alone is sufficient to convict a defendant").

---

defendant's] conviction must be reversed on other grounds, the issue of sufficiency of evidence must be addressed" because "if there was insufficient evidence even in the face of an error so prejudicial as to warrant a new trial, then there can be no new trial"). Thus, the Louisiana Supreme Court has held that an appellate court's failure to address the sufficiency of the evidence, when raised, is error. *See State v. Morris*, 615 So.2d 327, 328 (La. 1993) (observing that "the court of appeal erred in pretermitting relator's contention that the evidence was insufficient to prove the validity of [his] earlier convictions, which [were] an essential element of the charged crime").

2

At all times relevant to this case, aggravated rape was defined, in relevant part, as "a rape . . . where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed . . . [w]hen the victim is under the age of thirteen years." La. R.S. 14:42(A)(4). At all times relevant to this case, rape was defined as "the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person's lawful consent." La. R.S. 14:41(A). Although La. R.S. 14:41(B) requires that, to constitute rape, the act of anal or vaginal sexual intercourse must involve penetration, however slight, the act of oral sexual intercourse is complete upon "the touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim." La. R.S. 14:41(C)(2).[3]

In this case, the State presented evidence—the victim's testimony and recorded statements—that, while at a house in Orleans Parish, Mr. Hunter forced the victim (then aged between 8 and 11 years old) to touch his penis with her mouth. Contrary to Mr. Hunter's contention, this evidence was sufficient to establish that he committed an aggravated rape in Louisiana and, indeed, in Orleans Parish.[4]

---

[3] *See State v. Lowe*, 08-669, p. 14 (La. App. 3 Cir. 12/10/08), 999 So.2d 194, 203-04 (observing that although "Louisiana Revised Statutes 14:41 requires penetration when the rape involves vaginal or anal intercourse . . . penetration is not required for oral sexual intercourse"); *see also* Cheney C. Josepha and P. Raymond Lamonica, 17 LA. CIV. L. TREATISE, CRIMINAL JURY INSTRUCTIONS, § 10:57 (3d ed.) (observing that "[f]or oral sexual intercourse committed on or after August 15, 2001, the element of 'penetration' ('however slight') does not appear to be required"; rather, "'[t]ouching' alone without 'penetration' seems sufficient").

[4] For two reasons, this evidence was also sufficient to support his conviction for molestation of a juvenile. First, because the evidence is sufficient to support a conviction for the crime charged, it is also sufficient to support a conviction for the lesser included offense. *See* La. C.Cr.P. art. 814(A)(12) (making molestation of juvenile a responsive verdict to aggravated rape); *State v. Harris*, 02-1589, p. 4 (La. 5/20/03), 846 So.2d 709, 712-13 (observing that "an appellate court will not reverse a jury's return of a responsive verdict, whether or not supported by the evidence, as long as the evidence is sufficient to support a conviction for the charged offense"). Second, the evidence is independently sufficient to support a conviction for molestation of a juvenile. *See*

Mr. Hunter also assigns as error the constitutionality of the non-unanimous verdict. This assignment of error has merit. *See Ramos v. Louisiana*, No. 18-5924, ___ U.S. ___, ___ S.Ct. ___, ___L.Ed.2d ___, 2020 WL 1906545 (2020) (holding that jury verdicts in state felony trials must be unanimous). Because Mr. Hunter's case is pending on direct review, the Supreme Court's decision in *Ramos* applies here. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review").

## <u>DECREE</u>

For the foregoing reasons, Mr. Hunter's conviction and sentence are vacated; and the case is remanded.

**VACATED AND REMANDED**

---

La. R.S. 14:81.2 (defining molestation of a juvenile as "the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile").